**Ting Da Ou YANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–0537–AG.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Gregory G. Brooker, Assistant United States Attorney, Minneapolis, Minnesota, for Respondent.

PRESENT: HON. WALKER, Chief Judge, HON. ROBERT A. KATZMANN, and HON. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ting Da Ou Yang, through counsel, petitions for review of the BIA decision denying him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an affirmance without opinion, we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

Here, the IJ properly noted that when Ou Yang was asked why he thought that he would suffer persecution in China for violating the family planning policy, he "did not provide a responsive answer. Finally, he said that his wife had been taken for sterilization." The IJ reasonably held that Ou Yang's response did not answer the question appropriately, but rather that Ou Yang had "simply memorized certain information ... and then when he's asked other questions that he can't come up with an answer to he just relates this information back." Second, after giving seven different responses to the IJ's question about why he could not obtain an official passport in China, the IJ reasonably concluded that Ou Yang "made up [an] answer, something that he only was able to

come up with after he thought for a while and tried other answers that were not responsive." Third, the IJ properly found that Ou Yang's testimony about the date that his wife was sterilized further implicated his incredible demeanor. Initially, he stated that his wife was sterilized in September 1989, then he immediately changed his testimony to say that it was September 1990. Eventually, he said that he could not remember when his wife was sterilized.

Next, the IJ properly gave no weight to Ou Yang's documentary evidence. First, he reasonably found that the purported sterilization certificate of Ou Yang's wife had vague origins, and that the document did not reveal from what source it was derived. The IJ also properly discounted Ou Yang's x-ray report because he had forewarned Ou Yang that he should lay a foundation for the document, but Ou Yang failed to do so.

Despite any errors, we will affirm where the IJ "explicitly rested its conclusion on alternative grounds, one of which is sustainable; [or where] the adjudicator relied so little on the error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand." *Cao He Lin v. U.S. Dept. of Justice*, 428 F.3d 391, 395 (2d Cir.2005). Here, substantial evidence support's the IJ's adverse credibility determination, where the IJ properly held that Ou Yang had an unresponsive and evasive demeanor, as illustrated by his inconsistent and implausible testimony.

Therefore, because Ou Yang failed to provide sufficient credible evidence to establish his eligibility for asylum, withholding of removal or relief under the CAT, the IJ properly denied his application for relief. Accordingly, Ou Yang's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).